IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| TAMMY SHERRILL, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
|     v. | ) | 2:04cv760-T |
| | ) |    (WO) |
| CITY OF PRATTVILLE, et al., | ) | |
| | ) | |
|     Defendants. | ) | |

| | | |
|---|---|---|
| AQUIA AVERHART, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
|     v. | ) | 2:04cv761-T |
| | ) | |
| CITY OF PRATTVILLE, et al., | ) | |
| | ) | |
|     Defendants. | ) | |

| | | |
|---|---|---|
| MARIA MCELYA, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
|     v. | ) | 2:04cv762-T |
| | ) | |
| CITY OF PRATTVILLE, et al., | ) | |
| | ) | |
|     Defendants. | ) | |

OPINION

Plaintiff Aquia Averhart brought this lawsuit against the following defendants: the City of Prattville, Alabama, Police Chief Alfred Wadsworth, Jail Administrator Debra Deramus, and Jailor Jeffrey Stephens. She claims that Stephens sexually assaulted her in violation of the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution (as enforced by 42 U.S.C.A. § 1983) and Alabama state law. Jurisdiction is proper under 28 U.S.C.A. § 1343 (civil rights), § 1331 (federal claims), and § 1367 (state-law claims).

This case is currently before the court on Wadsworth, Deramus, and Prattville's motion for summary judgment.[1] For the reasons that follow, the court concludes that they are entitled to full summary judgment.

---

1.  Because he has been called up for military duty, Stephens has been granted a stay in these proceedings.

## I. SUMMARY-JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  Under Rule 56, the party seeking summary judgment must first inform the court of the basis for the motion, and the burden then shifts to the non-moving party to demonstrate why summary judgment would not be proper.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986);  <u>see also</u> <u>Fitzpatrick v. City of Atlanta</u>, 2 F.3d 1112, 1115-17 (11th Cir. 1993) (discussing burden-shifting under Rule 56).  The non-moving party must affirmatively set forth specific facts showing a genuine issue for trial and may not rest upon the mere allegations or denials in the pleadings.  Fed. R. Civ. P. 56(e).

The court's role at the summary-judgment stage is not to weigh the evidence or to determine the truth of the matter, but rather to determine only whether a genuine issue exists for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  In doing so, the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## II. FACTUAL BACKGROUND

What follows is Averhart's version of the facts in this case.  Averhart was incarcerated in the Prattville City Jail beginning on June 18, 2003.  Officer Stephens often engaged in sexual jokes and made sexual remarks to her and other female inmates.  Averhart returned Stephens sexual banter.[2]

------

2.  Motion for summary judgment of the City of Prattville, Police Chief Alfred Wadsworth, and Debra Deramus (Doc. No. 23), Exhibit 12, Statement of Aquia
(continued...)

On July 12, 2003, Stephens asked if any of the female inmates wanted to use the phone. Averhart replied affirmatively, and Stephens escorted her to Deramus's office to use it. Following the call, Stephens asked her to have sex with him. She said not without a condom. Stephens then took her back to her cell.[3] Later that evening, Stephens showed Averhart a condom.

The following day, Stephens again let her use the phone, and again asked her to have sex. He told her that, because there were no cameras in this area, she would not get in trouble and that it would make her time in jail a lot easier if she slept with him. She agreed and they had sex in the restroom in Deramus's office.[4]

_____

2.   (...continued)
Averhart to the Alabama Bureau of Investigation, p. 1.

3.   Id.

4.   Id. at p. 2.

### III. DISCUSSION

### A. Federal Claims

Averhart asserts that Wadsworth, Deramus, and Prattville are liable for the constitutional violations perpetrated by Stephens because they failed to train and supervise him adequately.[5]  Before finding Wadsworth and Deramus liable, in their individual capacities, on a theory of supervisory liability, the court must first find that a predicate constitutional violation occurred. Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). Similarly, the City of Prattville and Wadsworth and Deramus in their official capacities cannot be liable on a failure-to-train or failure-to-supervise theory unless the court first finds a constitutional violation. Collins v. City of Harker Heights, Texas, 503 U.S. 115,

---

5. Averhart does not specifically mention the City of Prattville in her § 1983 claims, but her claims against Stephens, Wadsworth, and Deramus in their official capacities under § 1983 are simply another way of bringing the claims directly against Prattville itself. Kentucky v. Graham, 473 U.S. 159, 165-66 (1985) (quoting Monell v. New York City Dept. of Soc. Servs., 436 U.S. 658, 690, n.55 (1978).

120 (1992).  However, because these proceedings have been stayed against Stephens, the court will not analyze whether Stephens's actions amounted to a predicate constitutional violation and, instead, will proceed directly to determining whether the supervisors and Prattville can be held liable if the violations in fact occurred.

### 1. Wadsworth and Deramus in their individual capacities

Supervisors are liable in their individual capacities under § 1983 "either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." Cottone, 326 F.3d at 1360.  The standard for supervisory liability in situations such as this, when the defendant supervisor was not present during the constitutional violation, is "extremely rigorous."

7

<u>Braddy v. Florida Dep't. of Labor & Empl. Sec.</u>, 133 F.3d 797, 802 (11th Cir. 1998).

Averhart can establish "a causal connection" in one of three ways: first, "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," <u>Brown v. Crawford</u>, 906 F.2d 667, 671 (11th Cir. 1990); second, when the supervisor's improper "custom or policy ... resulted in deliberate indifference to constitutional rights," <u>Rivas v. Freeman</u>, 940 F.2d 1491, 1495 (11th Cir. 1991); or, third, when the facts "support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." <u>Gonzalez v. Reno</u>, 325 F.3d 1228, 1235 (11th Cir. 2003).

Averhart cannot meet this rigorous standard. First, Wadsworth and Deramus stated that they were not aware of any prior incidents of sexual misconduct during or preceding their employment at the jail, and Averhart has

not presented any evidence to dispute these statements or to demonstrate a history of widespread abuse. Second, she has failed to reference a specific policy, or lack of policy, capable of avoiding the harm incurred. And, third, she has offered no evidence supporting an inference that Wadsworth or Deramus directed Stephens to engage in the prohibited conduct or, as detailed above, that they had any indication that Stephens was likely to do so.

Therefore, Wadsworth and Deramus, in their individual capacities, are entitled to summary judgment on Averhart's § 1983 claims.

### 2. City of Prattville and Wadsworth and Deramus in their official capacities

Municipalities are not liable under § 1983 for the actions of others. <u>Monell v. Dept. of Social Servs.</u>, 436 U.S. 658, 691-94 (1978). A municipality can only be held liable under § 1983 when its policy or custom causes the constitutional violation. <u>Id</u>. at 694-5. Cities can be

9

held liable on a failure-to-train or failure-to-supervise theory in the rare circumstances when this failure reflects a deliberate or conscious policy choice; when it amounts to a deliberate indifference to the rights of third parties; and when it causes the employees to violate a citizen's constitutional rights.  <u>City of Canton v. Harris</u>, 489 U.S. 378, 388-91 (1989); <u>Gold v. City of Miami</u>, 151 F.3d 1346, 1350 (11th Cir. 1998).

Averhart can establish deliberate indifference to the need for increased training or supervision by showing: first, a "pattern of constitutional violations...such that the municipality knows or should have known that corrective measures [were] needed," <u>Young v. City of Augusta</u>, 59 F.3d 1160, 1172 (11th Cir. 1995), or, second, that the "violation of federal rights...[was a] highly predictable consequence of a failure to equip law enforcement officers with the specific tools to handle recurring situations." <u>Bd. of Cty. Comm'rs v. Brown</u>, 520 U.S. 397, 409 (1997).

Averhart cannot satisfy either of these tests. As detailed above, because the record is devoid of any evidence of prior instances of sexual misconduct in the jail, Averhart has not met her burden of demonstrating the "widespread prior abuse" generally required to put a municipality on notice that greater or different supervision was necessary. <u>Wright v. Sheppard</u>, 919 F.2d 665, 674 (11th Cir. 1990).

Additionally, the record reflects that Stephens received training specifically detailing that rape, sexual assault, and sexual abuse were illegal. Averhart has presented no evidence that the training was faulty on this point or that Stephens somehow misunderstood the training presented. More importantly, she has not shown that the municipality caused her assault; in situations such as this one, when an employee intentionally violated an obvious right, no kind or amount of training could have prevented the violation. <u>Cf</u>. <u>Sewell v. Town of Lake Hamilton</u>, 117 F.3d 488, 490 (11th Cir. 1997) (finding

11

that when "the proper response ... is obvious to all without training or supervision, the failure to train or supervise" fails to demonstrate deliberate indifference) (quoting <u>Walker v. City of New York</u>, 974 F.2d 293, 299-300 (2d Cir. 1993), <u>cert. denied</u>, 507 U.S. 972 (1993); <u>Thomas v. City of Clanton</u>, 285 F. Supp. 2d, 1275, 1284 (M.D. Ala. 2003). Consequently, the City of Prattville is entitled to summary judgment on Averhart's § 1983 claims. Wadsworth and Deramus are also entitled to summary judgment in their official capacities because a suit against them in that capacity is the same as a suit against Prattville.[6]

### B. State-Law Claims

Averhart asserts: (1) negligent guard monitoring; (2) negligent security, safety, and privacy measures; (3) inadequate training and supervision; and (4) the tort-of-

---

6. <u>See</u> <u>supra</u> note 5.

outrage.[7]   The court will first address the three negligence claims and then proceed to the intentional tort-of-outrage claim.

### 1. Wadsworth and Deramus

### i. Negligence claims

For the reasons given above, the record is simply absent any evidence of such negligence or wantonness that would support any of the state-law negligence claims against Wadsworth and Deramus.

In any event, Wadsworth and Deramus are entitled to discretionary-function immunity under 1975 Ala. Code § 6-5-338(a) on these claims.   This provision provides in pertinent part that:

> "Every peace officer ... who is employed or appointed pursuant to the Constitution or statutes of this state ... and whose duties prescribed by law ... include the enforcement of, or the investigation and reporting of violations of, the criminal laws of this

---

7.   Averhart's assault and battery claim against Stephens is not currently before the court.

13

state, and who is empowered by the laws
of this state to execute warrants, to
arrest and to take into custody persons
who violate, or who are lawfully charged
by warrant, indictment, or other lawful
process, with violations of, the
criminal laws of this state, shall at
all times be deemed to be officers of
this state, and as such shall have
immunity from tort liability arising out
of his or her conduct in performance of
any discretionary function within the
line and scope of his or her law
enforcement duties."

1975 Ala. Code § 6-5-338(a).  It is settled that the

operation of jails by jailers and municipal police

departments is covered by this statute.  Howard v. City

of Atmore, 887 So.2d 201, 204 (Ala. 2003).

Therefore, the court must determine whether the

negligence actions Averhart complains of are

discretionary acts.  Discretionary acts are defined as

"those acts to which there is no hard and fast rule as to

the course of conduct that one must or must not take and

those acts requiring exercise in judgment and choice and

involving what is just and proper under the

circumstances."  Sheth v. Webster, 145 F.3d 1231, 1239

14

(11th Cir. 1998) (quoting Wright v. Wynn, 682 So.2d 1, 2 (Ala. 1996).   Negligent training and supervision are considered discretionary acts.   McClure v. Houston County, 306 F. Supp. 2d 1160, 1168 (M.D. Ala. 2003); Phillips v. Thomas, 55 So.2d 81, 85 (Ala. 1989). Similarly, determinations regarding proper security, safety, and privacy measures are of the type that require the exercise of judgment typical in a discretionary act. Accordingly, discretionary immunity should be extended to Wadsworth and Deramus "unless the officer[s'] conduct is so egregious as to amount to willful or malicious conduct or conduct engaged in bad faith."   Couch v. City of Sheffield, 708 So.2d 144, 153 (Ala. 1998) (citing Wynn, 682 So.2d at 2).   As there is no evidence indicating willfulness, maliciousness, or bad faith, summary judgment is due to be granted on the state-law negligence claims asserted against Wadsworth and Deramus.

15

### ii. Tort-of-outrage claim

The tort of outrage has the following elements: (1) the defendant must have intended to inflict emotional distress, or should have known that his or her acts would result in emotional distress; (2) the act must be extreme and outrageous; (3) the act must have caused plaintiffs distress; and (4) plaintiffs emotional distress must have been so severe that no reasonable person could be expected to endure it. <u>Harrelson v. R.J.</u>, 882 So.2d 317, 322 (Ala. 2003). Because Averhart has presented no evidence indicating that Wadsworth and Deramus acted negligently or wantonly, it is clear that their actions were also not extreme or outrageous. As such, they are entitled to summary judgment on Averhart's tort-of-outrage claim.

16

## 2. City of Prattville

### i. Negligence claims

Not only is the record absent of any evidence of such negligence or wantonness that would support any of the state-law negligence claims against Prattville, but the city is also entitled to discretionary-function immunity on these claims.  It is firmly rooted law that when a municipal officer is immune to liability pursuant to § 6-5-338(a), the municipality is also immune pursuant to § 6-5-338(b), which extends immunity to "governmental units or agencies authorized to appoint peace officers." Howard v. City of Atmore, 887 So. 2d 201, 211 (Ala. 2003); Hardy v. Town of Hayneville, 50 F. Supp. 2d 1176, 1202 (M.D. Ala. 1999).  Therefore, because this court has previously determined that Wadsworth and Deramus are immune from suit on these claims, that immunity must be extended to the city itself.

17

### ii. Tort-of-outrage claim

The City of Prattville is entitled to summary judgment on the tort-of-outrage claim because the record fails to demonstrate that the city acted in an extreme or outrageous manner and because the city is immune from suit for intentional torts under 1975 Ala. Code § 11-47-190.  <u>Todd v. Kelley</u>, 783 So.2d 31, 43 (Ala. 2000).

For the foregoing reasons, the court concludes that summary judgment should be granted on Averhart's federal and state-law claims against Wadsworth, Deramus, and the City of Prattville.

An appropriate judgment will be entered.

DONE, this the 2nd day of December, 2005.

<u>    /s/ Myron H. Thompson    </u>
UNITED STATES DISTRICT JUDGE